# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK*, HAIGHT, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ASHLEN N. GIBSON**
**United States Army, Appellant**

ARMY 20140112

Headquarters, United States Army Maneuver Center of Excellence
Charles A. Kuhfahl, Jr., Military Judge
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA.

For Appellee:  Major A.G. Courie, III, JA.

18 August 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with her pleas, of wrongfully using provoking gestures, assault consummated by battery, knowingly furnishing an alcoholic beverage to a person under 21 years of age, and two specifications of wrongfully communicating a threat, in violation of Articles 117, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 917, 928, 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and nine months confinement, and the convening authority approved the adjudged sentence.

We review appellant's case pursuant to Article 66, UCMJ, and grant relief based on the partially insufficient providence inquiry.  Appellant submitted a merits pleading, and we have reviewed those matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

---

* Senior Judge COOK took final action in this case prior to his retirement.

GIBSON—ARMY 20140112

In Specification 3 of Charge II, appellant was charged with, *inter alia*, communicating a threat to injure Private KL "by shooting her . . . ." Pleading guilty to this specification by exceptions and substitutions, appellant admitted that, instead, she threatened PVT KL with a different form of violence. Nonetheless, the quoted phrase, "by shooting her . . ." remains in the conviction now under review.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a "substantial question" about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial 910(e). Considering the providence inquiry, a substantial basis exists here.

**CONCLUSION**

We affirm only so much of the finding of guilty of Specification 3 of Charge II as provides:

> Charge II: Article 134. Specification 3. In that Private (E-1) Ashlen N. Gibson, U.S. Army, did, at or near Fort Benning, Georgia, on or about 19 August 2013, wrongfully communicate to Private (E-1) KML a threat to injure Private L, to wit: "I will kick your ass too," or words to that effect, and that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident the military judge would have adjudged the same sentence absent the error. The approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of the portions of the findings set aside by this decision are ordered restored.

Senior Judge COOK and Judge HAIGHT concur.

2



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court